**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CYRUS B. TARLUE,<br> **Plaintiff** | : | |
| | : | |
| | : | |
| v. | : | C.A. No.: |
| | : | |
| PINNACLE LOGISTICS LLC,<br> **Defendant** | : | |
| | : | |

## COMPLAINT

### I.      Introduction

This is an action brought by the Plaintiff against the Defendant seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of 42 U.S.C. §1981 and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II.      Parties

1.      The Plaintiff, Cyrus Tarlue, is a resident of the City of Providence, County of Providence, State of Rhode Island.

2.      Defendant Pinnacle Logistics LLC ("Pinnacle Logistics") is a Texas limited liability corporation that maintains a business location at 1530 Davisville Road, North Kingstown, Rhode Island 02852 ("NK location").

### III.      Jurisdiction

3.      This Court has jurisdiction over the Plaintiff's claims under 42 U.S.C. §1981 pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the Plaintiff's claims under the RICRA and common law claims pursuant to 28 U.S.C. §1367.

## IV.    Venue

4.    Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V.    Material Facts

5.    The Plaintiff is an immigrant from Liberia.

6.    On or about October 31, 2017, the Plaintiff was hired at Defendant Pinnacle Logistics' NK location.

7.    During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant's legitimate expectations.

8.    While employed at Defendant Pinnacle Logistics, the Plaintiff was subjected to workplace discrimination on account of his race, color and/or country of national origin, including, but not limited to, vulgar and derogatory comments and other offensive conduct by his supervisor, "Jake."

9.    During his employment at Defendant Pinnacle Logistics, on a daily basis, Jake subjected the Plaintiff to racially discriminatory conduct that he did not want, did not welcome, did not encourage and to which the Plaintiff objected.

10.    During the Plaintiff's employment, Jake regularly called the Plaintiff a "n*gg*r," "Tobe," "Shaka Zulu," "drug dealer," and the names of historic slaves.

11.    In addition, whenever Jake saw the Plaintiff on the telephone, he would make a comment that the Plaintiff was selling drugs or making a drug deal.

12.    The Plaintiff regularly brought in a banana with his lunch.  On one occasion, the Plaintiff offered a banana to Jake.  In response, Jake stated, "I don't want a banana.  Only monkeys eat those."

13.    On several occasions, Jake told the Plaintiff that if the President of the United States were to arrive at Defendant Pinnacle Logistics' NK location or the Plaintiff's job site, the President would have him deported.

14.    During the Plaintiff's employment, Jake, on average, made four (4) to five (5) discriminatory comments to the Plaintiff on a daily basis.  Jake made additional discriminatory comments about the Plaintiff to his co-workers.

15.    During the Plaintiff's employment, Jake allowed similarly-situated Caucasian employees to make the decision as to whether or not they were dispatched to a job.

16.    The Plaintiff was not permitted to determine whether or not he wanted to be dispatched to a job.

17.    During the Plaintiff's employment, Jake assigned the Plaintiff to perform less desirable jobs than similarly-situated Caucasian employees.

18.    On or about February 27, 2018, the Plaintiff verbally reported Jake's discriminatory conduct to the two (2) employees in Defendant Pinnacle Logistics' Human Resources department ("HR").  They informed the Plaintiff that he needed to make a formal, written complaint.

19.    Later that day, the Plaintiff submitted a formal, written complaint to HR.

20.    Thereafter, the Plaintiff was not contacted by Defendant Pinnacle Logistics about his complaint of discrimination against Jake.

21.    After the Plaintiff filed his complaint, Jake remained his supervisor.

22.    On or about April 26, 2018, the Plaintiff made a second formal, written complaint about Jake's discriminatory conduct to HR.

23.    Thereafter, the Plaintiff was not contacted by Defendant Pinnacle Logistics about his second complaint of discrimination against Jake.

24.    After the Plaintiff filed his complaint, Jake remained his supervisor.

25.    In June, 2018, due to his discriminatory work environment and Defendant Pinnacle Logistics' failure to effectuate remedial measures, the Plaintiff was compelled to seek counsel.

26.    On June 8, 2018, V. Edward Formisano, Esq. sent a letter to Defendant Pinnacle Logistics' NK location to advise them that he was retained by the Plaintiff and to request a copy of the Plaintiff's personnel file.

27.    Shortly thereafter, Defendant Pinnacle Logistics suspended and/or terminated Jake's employment.

28.    The discrimination the Plaintiff experienced while employed at Defendant Pinnacle Logistics created a hostile work environment.

29.    The Plaintiff perceived his work environment as hostile and abusive.

30.    A reasonable person would have found the Plaintiff's work environment hostile and abusive.

31.    That the discriminatory terms and conditions of employment the Plaintiff experienced was due to his race, color and/or country of national origin and was severe and pervasive and deprived the Plaintiff of the right to work in a reasonable, nondiscriminatory work environment and adversely affected the Plaintiff's ability to perform his job.

32.     During all relevant time periods, management-level employees and/or agents at Defendant Pinnacle Logistics was aware of the aforementioned offensive conduct and discriminatory workplace.

33.     Despite being aware of the offensive conduct, Defendant Pinnacle Logistics did not effectuate remedial measures to stop the discriminatory conduct.

34.     As a result of Defendant Pinnacle Logistics' refusal and/or failure to effectuate remedial measures to stop the discriminatory conduct, it continued.

35.     The purported reason for the Plaintiff's termination is pretext for workplace discrimination.

36.     Defendant Pinnacle Logistics' unlawful actions and/or omissions are in violation of 42 U.S.C. §1981 and the RICRA and were motivated by malice and ill will toward the Plaintiff, and Defendant Pinnacle Logistics' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

37.     As a proximate result of Defendant Pinnacle Logistics' acts and/or omissions, including, but not limited to, those described herein, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VI. Claims for Relief

38.     The Plaintiff incorporates the allegations contained in ¶¶1 through 37 above in the counts set forth below.

### Count One
### Violation of 42 U.S.C. §1981

39.     Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the Plaintiff's right to make and enforce contracts free from discrimination based on race, color and/or country of national origin, in violation of the Plaintiff's rights secured under 42

U.S.C. §1981, causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief 42 U.S.C. §1988.

## Count Two
## Violation of RICRA, R.I.G.L. §42-112-1, *et seq.*

40.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful employment discrimination against the Plaintiff on account of his race, color and/or country of national origin in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

## VII.    Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1.    a declaratory judgment declaring that Defendant Pinnacle Logistics violated the 42 U.S.C. §1981 and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* in the manner complained of herein;

2.    an award of compensatory damages, plus pre-judgment interest thereon;

3.    an award of liquidated damages pursuant to 42 U.S.C. §1981;

4.    an award of punitive damages pursuant to 42 U.S.C. §1981;

5.    an award of reasonable attorneys' fees and costs of litigation pursuant to the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*; and,

6.    an award of such other and further relief as this Honorable Court deems just and proper.

## IX.    Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

6

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Nicole J. Policastro as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY

Dated: July 26, 2018

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Nicole J. Policastro
Nicole J. Policastro (#9606)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 26th day of July, 2018 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano